DENNIS R. INGOLS, ESQ., CSB#236458
LAW OFFICE OF DENNIS R. INGOLS
111 North Market Street, Suite #300
San José, California 95113
T: 408-601-0126
dennis@ingolslaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANA GALLES, Individually, and as Guardian Ad Litem for minor Plaintiff M.L.C. , <br><br>         Plaintiffs <br>   vs. <br><br> COUNTY OF BUTTE, MELODY GILES, DEIRDRE NEDVED, SARAH CORNETT, BRANDY NYBERG, DR. JAMES LOGAN, PARADISE MEDICAL GROUP, INC., and DOES 1 – 10, inclusive, <br><br>         Defendants. | Case No: 2:18-CV-00298-TLN-CMK <br><br> FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983), MEDICAL BATTERY, MEDICAL MALPRACTICE, WRONGFUL CIRCUMCISION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br><br> DEMAND FOR JURY TRIAL |

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

1.     JURISDICTION**.** Plaintiffs bring this civil rights lawsuit pursuant to 42 U.S.C. Section 1983 to redress the deprivation by Defendants, at all times herein acting under color of state law, of rights secured to Plaintiffs under the United States Constitution, including the First,

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

1

2. Fourth and/or Fourteenth Amendments, and under federal and state law where applicable.

3. Jurisdiction is conferred on this Court by 28 U.S.C. sections 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. section 1983. Jurisdiction is also conferred by 28 U.S.C. Section 1331(a) because claims for relief derive from the United States Constitution and the laws of the United States. This Court has supplemental jurisdiction over any claims of Plaintiffs based on state laws, pursuant to 28 U.S.C. Section 1367.

4. INTRADISTRICT ASSIGNMENT. Venue properly lies in the Eastern District of California, pursuant to 28 U.S.C. sections 1391 and 1392, in that the events and circumstances herein alleged occurred in Butte County, and at least one Defendant resides in Butte County.

**PARTIES**

5. Plaintiff ELEANA GALLES ("GALLES") is the natural mother of Plaintiff M.L.C.

6. Plaintiff M.L.C., an individual male minor. M.L.C. brings this action by and through his biological mother and Guardian Ad Litem, ELEANA GALLES.

7. Both Plaintiffs were all relevant times residents of the State of California, and the County of Butte.

8. Defendant BRANDY NYBERG ("NYBERG") is an individual who, at all relevant times, resided in Butte County. NYBERG was M.L.C.'s foster mother at all relevant times.

9. Defendant DR. JAMES LOGAN, M.D. ("DR. LOGAN") is an individual who, at all relevant times, worked in Butte County. DR. LOGAN is, upon Plaintiffs' information and belief, a physician for, as well as the "COO and Secretary" of the Board of Directors of Defendant PARADISE MEDICAL GROUP, INC. DR. LOGAN is, upon Plaintiffs'

2

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

information and belief, and employee and/or co-owner of PARADISE MEDICAL GROUP, INC.

10. Defendant PARADISE MEDICAL GROUP, INC. is an entity comprised of physicians and advanced practice clinicians who provide primary medical care to patients in Paradise, California and the greater Butte County service area.

11. Defendant COUNTY OF BUTTE ("COUNTY") is a municipality in corporate form, organized and existing under the laws of the State of California, and has as an administrative subunit thereof the Department of Employment & Social Services / Children's Services Program (hereinafter, "COUNTY," and "CPS," and collectively as "COUNTY").

12. Defendant MELODY GILES ("GILES"), whose acts as alleged herein were performed in her individual capacity or under color of state law, was at all times material hereto, upon Plaintiffs' information and belief, a social worker, employed by COUNTY.

13. Defendant DEIRDRE NEDVED ("NEDVED"), whose acts as alleged herein were performed in her individual capacity or under color of state law, was at all times material hereto, upon Plaintiffs' information and belief, a social worker, employed by COUNTY.

14. Defendant SARAH CORNETT ("CORNETT"), whose acts as alleged herein were performed in her individual capacity or under color of state law, was at all times material hereto, upon Plaintiffs' information and belief, a social worker supervisor, and supervisor to GILES and NEDVED, employed by COUNTY.

15. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein as DOE is legally responsible in

3

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants. Plaintiffs will ask leave of this Court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when same become known.

16.   Plaintiffs are informed and believe and upon that basis allege that at all times mentioned herein the Defendants, and each of them, were the agents, joint venturers, servants, employees, assistants and consultants of each other, and were as such acting within the course, scope and authority of said agency, joint venture, and employment, and that each and every Defendant, is liable for the harm suffered by Plaintiffs.

17.   Unless otherwise alleged, Plaintiffs are informed and believe that at all relevant times, Defendants, and each of them, may have been the agents, employees, and independent contractors of the remaining Defendants, and at all times may have been acting within the purpose and scope of said employment, agency, and contract, and that each Defendant may have ratified and approved the acts of his agent and/or independent contractor.

## FACTUAL ALLEGATIONS

18.   M.L.C. was born at Feather River Hospital in Paradise, California.

19.   The date of the child's birth, DR. LOGAN noted that he "was called by [the obstetrician] to attend delivery [of M.L.C.] due to the thick meconium. Baby was delivered C-section..."

20.   The date of the child's birth, DR. LOGAN noted identifying information about the child's mother, GALLES.

21.   The date of the child's birth, DR. LOGAN ordered a newborn screening test for M.L.C., listing GALLES as the baby's mother.

4

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

22. Two days later, prior to being discharged from the hospital, M.L.C. was placed into protective custody by employees of Defendant COUNTY. Plaintiffs make no claim related to the initial removal itself, and as such will not set forth the circumstances surrounding the removal, or the reasons for same.

23. The following day, M.L.C. was discharged from Feather River Hospital.

24. Shortly prior to discharge, Defendant DR. LOGAN examined M.L.C. at the hospital. DR. LOGAN's discharge report included notes about M.L.C.'s mother, Plaintiff GALLES. His notes further indicated that M.L.C. was to be placed in foster care.

25. Plaintiffs are informed and believe, and on that basis allege that, immediately upon discharge, M.L.C. was placed with Defendant NYBERG.

26. Plaintiffs are informed and believe, and on that basis allege that Defendants GILES, NEDVED, and CORNETT were responsible for supervision of M.L.C. during the period of time complained of herein. Such responsibilities included, without limitation:

- instructing NYBERG on the rules, regulations and laws applicable to foster parents;
- instructing NYBERG on the limitations of her authority to act on the child's behalf;
- instructing NYBERG that GALLES' parental rights were still completely intact; and
- ensuring NYBERG's compliance with same.

27. Plaintiffs are informed and believe, and on that basis allege that Defendants GILES, NEDVED, and CORNETT, are subject to liability for the unlawful circumcision of M.L.C.

5

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

complained of herein in that they advised NYBERG that NYBERG could authorize the circumcision.

28. Alternatively, Plaintiffs are informed and believe, and on that basis allege that Defendants GILES, NEDVED, and CORNETT, are subject to liability for the unlawful circumcision of M.L.C. complained of herein in that they failed to properly instruct NYBERG on the limits of her authority to consent to circumcision or other decisions of a medical nature.

29. According to hospital records and records from DR. LOGAN's office, co-defendant PARADISE MEDICAL GROUP, INC., on February 15, 2017, M.L.C. was seen for a routine check-up. DR. LOGAN's report noted that the child was "brought by foster mom [NYBERG]."

30. On February 16, 2017, Defendant NYBERG took M.L.C. to DR. LOGAN's office at PARADISE MEDICAL GROUP, INC., for a circumcision.

31. Defendant NYBERG signed a form for the circumcision on February 16, 2017. Defendant NYBERG had no authority to "consent" to the circumcision.

32. On February 16, 2017, DR. LOGAN performed a "routine and ritual male circumcision" on M.L.C.

33. At no point did DR. LOGAN inquire whether NYBERG had authority to authorize the circumcision.

34. DR. LOGAN knew, or should have known, that the "consent" was invalid and therefore knew or should have known that performing the operation constituted medical battery and/or medical malpractice.

35. At no point prior to the circumcision did any Defendant contact, or even attempt to contact, Plaintiff GALLES to notify her of the procedure, or to seek her consent. In keeping

6

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

with her sincerely, deeply held personal and religious beliefs, Plaintiff GALLES would have refused consent. She was never given the opportunity.

36.  In keeping with her sincerely, deeply held personal and religious beliefs, Plaintiff GALLES' other male children have not been circumcised.

37.  Plaintiffs are informed and believe, and on that basis allege that COUNTY does not have a policy, practice, or procedure in place regarding the proper education and training of foster parents related to medical decision-making, including the decision to circumcise, foster children, and for that reason the COUNTY is also liable to PLAINTIFFS on a *Monell* theory of liability.

38.  Alternatively, Plaintiffs are informed and believe, and on that basis allege that COUNTY does have a policy, practice, or procedure in place regarding the education and training of foster parents related to medical decision-making, including the decision to circumcise, foster children, but such policy, practice, or procedure incorrectly instructs foster parents, such as NYBERG, that they can in fact make important medical decisions, including circumcision, without authorization of the parent(s) or the juvenile court, and for that reason the COUNTY is also liable to PLAINTIFFS on a *Monell* theory of liability.

39.  As a result of the events and circumstances set forth hereinabove, Plaintiffs suffered damages for which they seek to hold Defendants liable.

40.  M.L.C. suffered permanent physical disfigurement.

41.  M.L.C. suffered severe physical and emotional pain.

42.  M.L.C. was needlessly exposed to risk of complications, including further damage to his genitalia, including but not limited to bleeding, meatal stenosis, adhesions, loss of sexual sensation, as well as infection.

7

First Amended Complaint
Galles, et. al v. County of Butte, et. al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

43.   GALLES was permanently, irrevocably deprived of her right to make the most intimate, personal of decisions, as well as any opportunity to comfort her child during or after the unlawful ritual disfigurement.

## DAMAGES

44.   As a result of the actions and omissions of the aforesaid Defendants and those DOE Defendants yet unknown to Plaintiffs, Plaintiff M.L.C. has suffered, and will continue to suffer into the future, the following damages: severe physical trauma, mental and emotional pain, distress and discomfort, including, but not limited to humiliation, shame, emotional scarring, repression, loss of self-worth, loss of sexual sensation, medical expenses and mental health counseling / therapy fees in an amount to be proven at the time of trial.

45.   Further, the actions of individual Defendants were malicious, oppressive, shocking to the conscience of the reasonable person, and despicable in the extreme, and as such, entitle Plaintiffs to an award of punitive damages for the sake of example and by way of punishing the Defendants, and in the hope of deterring future conduct of a similar nature.

## CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
(14th Amendment Violation – Right of Familial Association – 42 U.S.C.  §1983)
ALL PLAINTIFFS AGAINST COUNTY, GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10, INCLUSIVE

46.   Plaintiffs re-allege and incorporate paragraphs 1 through 43, inclusive, as though fully set forth at this point, as they relate to a claim for relief for a violation of their civil rights under the 14th Amendment to the United States Constitution against GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10, and by virtue of the existence of policies, practices, customs and procedures, as well as inadequate training on the standards under federal and/or state law allowing for the

8

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

supervision and protection of children in foster care, the COUNTY, with regard to the violation of their rights of Plaintiffs and their deliberate indifference to the obvious risk of harm to the child.

47. Plaintiffs re-allege the allegations of paragraph 44 as said damages relate to a claim for relief for a violation of their civil rights as stated. The punitive damage allegations of paragraphs 46-47 apply in this cause of action.

### SECOND CAUSE OF ACTION
### (4th Amendment Violation – Seizure – 42 U.S.C. §1983)
### PLAINTIFF M.L.C. AGAINST COUNTY, GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10, INCLUSIVE

48. Plaintiff M.L.C. re-alleges and incorporates paragraphs 1 through 43, inclusive, as though fully set forth at this point, as they relate to a claim for relief for a violation of his civil rights under the 4th Amendment to the United States Constitution against GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10, and by virtue of the existence of policies, practices, customs and procedures, as well as inadequate training on the standards under federal and/or state law allowing for the supervision and protection of children in foster care, the COUNTY, with regard to the violation of their rights of Plaintiffs and their deliberate indifference to the obvious risk of harm to the child.

49. Plaintiffs re-allege the allegations of paragraph 44 as said damages relate to a claim for relief for a violation of their civil rights as stated. The punitive damage allegations of paragraphs 46-47 apply in this cause of action.

9

First Amended Complaint
Galles, et. al v. County of Butte, et. al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

### THIRD CAUSE OF ACTION
### (1st Amendment Violation – 42 U.S.C. §1983)
### ALL PLAINTIFFS AGAINST COUNTY, GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10, INCLUSIVE

50. Plaintiffs re-allege and incorporate paragraphs 1 through 43, inclusive, as though fully set forth at this point, as they relate to a claim for relief for a violation of his civil rights under the 1st Amendment to the United States Constitution against GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10, and by virtue of the existence of policies, practices, customs and procedures, as well as inadequate training on the standards under federal and/or state law allowing for the supervision and protection of children in foster care, the COUNTY, with regard to the violation of their rights of Plaintiffs and their deliberate indifference to the obvious risk of harm to the child.

51. Plaintiffs re-allege the allegations of paragraph 44 as said damages relate to a claim for relief for a violation of their civil rights as stated. The punitive damage allegations of paragraphs 46-47 apply in this cause of action.

### FOURTH CAUSE OF ACTION
### MONELL LIABILITY [42 U.S.C. §1983]
### PLAINTIFFS AGAINST COUNTY

52. PLAINTIFFS re-allege, adopt, and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 43.

53. At all relevant times herein, Defendant COUNTY, established and/or followed policies, procedures, customs, and/or practices (hereinafter collectively referred to as "policy" or "policies") which policies were the cause of violation of Plaintiffs' constitutional rights granted to them pursuant to 42 U.S.C. § 1983, as well as the case of *Monell v. New York City*

10

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

*Department of Social Services*, 436 U.S. 658 (1978), including those under the Fourth and Fourteenth Amendments, including but not limited to:

i. The policies of COUNTY of failing to properly supervise children placed in foster care within the County of Butte;

ii. By employees of COUNTY acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train their respective officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, when performing actions related to the supervision of children in foster care.

(The list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile records, which are subject to access, use and/or disclosure pursuant to California Welfare & Inst. Code §827 and/or §828).

54. Defendant COUNTY, as well as CFS as agency or agent of the COUNTY, had duties to PLAINTIFFS at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed PLAINTIFFS under the United States Constitution, including the First, Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control and review the activities of all agents, officers, and employees in their employ; and further, to refrain from acting with deliberate indifference to the Constitutional rights of PLAINTIFFS herein so as to not cause PLAINTIFFS the injuries and damages alleged herein.

55. Defendant COUNTY breached its duties and obligations to PLAINTIFFS, including, but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs, and practices, by failing to properly select,

11

supervise, train, control, and review their respective agents and employees as to their compliance with safeguards provided for by state and federal statutory law, and the Constitutions of the U.S. and the State of California; and by permitting the individually-named Defendants, and other defendants whose identities are not yet known, to engage in the unlawful and unconstitutional conduct as herein alleged.

56. Defendant COUNTY knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that it would, and was a moving force that did, cause PLAINTIFFS to be injured and damaged by the wrongful policies and acts as alleged herein and that such breaches occurred in contravention of public policy and as to their respective legal duties and obligations to PLAINTIFFS.

57. Defendant COUNTY also provided inadequate and/or non-existent training, including but not limited to: training on the Constitution and its Amendments as same apply in the context of the supervision of children placed in foster care within the County of Butte.

58. PLAINTIFFS re-allege the allegations of paragraphs 46 as said damages relate to a claim of relief for violations of their civil rights as stated. These actions, or inactions, of Defendants are the legal cause of injuries to PLAINTIFFS as alleged herein, and as a result thereto, PLAINTIFFS have sustained general and special and are entitled to punitive damages, as well as incurring attorney fees, costs, and expenses, including those as authorized by 42 U.S.C. §1983 and §1988, to an extent and in an amount subject to proof at trial.

//

//

//

12

First Amended Complaint
Galles, et. al v. County of Butte, et. al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

**FIFTH CAUSE OF ACTION**
**Medical Battery – unlawful circumcision**
**M.L.C. against LOGAN, PARADISE MEDICAL GROUP, INC., NYBERG, and DOES 1 THROUGH 10**

59.  Plaintiffs re-allege and incorporate paragraphs 1 through 43, inclusive, as though fully set forth at this point, as they relate to claims for medical battery for the unlawful circumcision of M.L.C.

60.  Plaintiffs re-allege the allegations of paragraph 44 as said damages relate to a claim for relief for a violation of their civil rights as stated. The punitive damage allegations of paragraphs 46-47 apply in this cause of action.

**SIXTH CAUSE OF ACTION**
**Medical Malpractice / Negligence – unlawful circumcision**
**M.L.C. against LOGAN, PARADISE MEDICAL GROUP, INC., NYBERG, and DOES 1 THROUGH 10**

61.  Plaintiffs re-allege and incorporate paragraphs 1 through 43, inclusive, as though fully set forth at this point, as they relate to claims for medical malpractice and/or negligence for the unlawful circumcision of M.L.C..

62.  Plaintiffs re-allege the allegations of paragraph 44 as said damages relate to a claim for relief for a violation of their civil rights as stated. The punitive damage allegations of paragraphs 46-47 apply in this cause of action.

**SEVENTH CAUSE OF ACTION**
**(Wrongful Circumcision)**
**PLAINTIFFS against COUNTY, GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10, INCLUSIVE**

63.  Plaintiffs re-allege and incorporate paragraphs 1 through 43, inclusive, as though fully set forth at this point, as they relate to a claim for relief for a violation of their rights under

13

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

state and/or federal law against GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10.

64. Plaintiffs re-allege the allegations of paragraph 44 as said damages relate to a claim for relief for a violation of their civil rights as stated. The punitive damage allegations of paragraphs 46-47 apply in this cause of action.

**EIGHTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**PLAINTIFFS against GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10, INCLUSIVE**

65. Plaintiffs re-allege and incorporate paragraphs 1 through 43, inclusive, as though fully set forth at this point, as they relate to a claim for relief for a intentional infliction of emotional distress against GILES, NEDVED, CORNETT, DR. LOGAN, PARADISE MEDICAL GROUP, INC., AND DOES 1 through 10.

66. Plaintiffs re-allege the allegations of paragraph 44 as said damages relate to a claim for relief as stated. The punitive damage allegations of paragraphs 46-47 apply in this cause of action.

**PRAYER FOR RELIEF**,

WHEREFORE, Plaintiffs respectfully requests that this Court:

1.) Award Plaintiffs general and special compensatory damages in an amount of $20,000,000, to be proven at trial.

2.) Award Plaintiffs punitive damages against individually-named Defendants, and each of them, for their extreme and outrageous conduct in complete disregard for the rights of the Plaintiffs;

3.) Award Plaintiffs statutory damages and/or attorney's fees against all Defendants as allowed by 42 U.S.C. §1988.

14

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK

4.) Grant Plaintiffs such other and further relief as the Court may deem just and proper.

Dated:  April 9, 2018

/s/ Dennis R. Ingols
Dennis R. Ingols, Esq.
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by F.R.C.P. Rule 38(a).

Dated:  April 9, 2018

/s/ Dennis R. Ingols
Dennis R. Ingols, Esq.
Attorney for Plaintiffs

First Amended Complaint
Galles, et. al v. County of Butte, et al.
U.S. Eastern District Court – Eastern Division
Case No.: 2:18-CV-00298-TLN-CMK