**PORTER | SCOTT**

A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
Stephanie P. Foote, SBN 311548
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

**OFFICE OF THE COUNTY COUNSEL**
**COUNTY OF BUTTE**
Bruce S. Alpert, SBN 75684
Brad J. Stephens, SBN 212246
25 County Center Drive, Suite 201
Oroville, CA 95965
TEL: 530.538.7621
FAX: 530.538.6891

Attorneys for Defendants, COUNTY OF BUTTE, MELODY GILES, DEIDRE NEDVED, and SARAH CORNETT

*Exempt From Filing Fees Pursuant to Government Code § 6103*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### REDDING DIVISION

| | |
|---|---|
| ELEANA GALLES, Individually, and as Guardian Ad Litem for minor Plaintiff M.L.C. | CASE NO. **2:18-cv-00298-TLN-DMC** |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER; ORDER** |
| v. | Butte County Juvenile Case No. 17DP00042 |
| COUNTY OF BUTTE, MELODY GILES, DEIRDRE NEDVED, SARAH CORNETT, BRANDY NYBERG, DR. JAMES LOGAN, PARADISE MEDICAL GROUP, INC., and DOES 1- 10 inclusive, | Complaint Filed: 02/08/2018<br>Amended Complaint: 04/09/2018 |
| Defendants. | |

**IT IS HEREBY STIPULATED** by and between Plaintiffs ELEANA GALLES, Individually, and as Guardian Ad Litem for minor Plaintiff M.L.C., Defendants COUNTY OF BUTTE, MELODY GILES, DEIRDRE NEDVED, SARAH CORNETT, and Defendants JAMES

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

1  LOGAN and PARADISE MEDICAL GROUP, INC., by and thorough their respective counsel of record, that in order to facilitate the exchange of information and documents which are subject to confidentiality limitations based on Plaintiff M.L.C.'s right to privacy in his juvenile files.[1] This Order shall constitute a protective order pursuant to F.R.C.P. 26(c) and shall be enforceable as set forth therein. The Parties stipulate as follows:

1. PURPOSES AND LIMITATIONS

On June 18, 2018, Plaintiffs' Counsel filed a JV-570 Request for Disclosure of Juvenile Case File for Plaintiff M.L.C.'s Juvenile Court File and his Department of Employment and Social Services/Children's Services Program File. On June 18, 2018, Defendants COUNTY OF BUTTE, MELODY GILES, DEIRDRE NEDVED, and SARAH CORNETT filed an Objection to the Release of Plaintiff M.L.C.'s Juvenile Case File. On September 5, 2018, the Butte County Juvenile Court held a hearing in which Judge Barbara L. Roberts released the Department of Employment & Social Services/Children's Services Program File but denied the release of the Juvenile Court File. Judge Roberts further ordered that the parties obtain the necessary protective order through the Eastern District of California, which has jurisdiction over the relevant civil case, captioned above.

Disclosure and discovery activity in this action will potentially involve production of confidential juvenile records for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties stipulate and the Court hereby issues the following Protective Order regarding production of confidential records. The disclosed documents shall be used solely in connection with the civil case *Galles v County of Butte, et al.*, Case No. 2:18-cv-00298-TLN-DMC, in the United States District Court Eastern District of California, and in the preparation and trial of the case, or any related proceeding. The Parties do not waive any objections to the admissibly of the documents or portions therefor in future proceedings in this case, including trial.

/ / /

/ / /

/ / /

---

[1] Defendant Brandy Nyberg declined to stipulate to this protective order.

{01920235.DOCX}  2
**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

2. DEFINITIONS

    2.1 Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery by any Party in this matter.

    2.3 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.4 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.5 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a part or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

3. SCOPE

    The protections conferred by this Stipulation and Order covers the Department of Employment & Social Services/Children's Services Program File, released by the Butte County Juvenile Court. No copies or excerpts may be filed with the Court, except under seal.

4. DURATION

    Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5. CHALLENGING CONFIDENTIALITY

    5.1 Timing of Challenges. Unless a prompt challenge to the confidentiality of a disclosure is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge confidentiality by electing not to mount a challenge promptly after the information is disclosed.

5.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge must do so in good faith and must begin the process by conferring with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that confidentiality is not proper and must give the Producing Party an opportunity to review the challenged material, to reconsider the circumstances, and to explain the basis for confidentiality. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to confidentiality may file and serve a motion under Civil Local Rule 230 (and in compliance with Civil Local Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for challenge. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled.

6. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

A Receiving Party shall use disclosed information only for prosecuting, defending, or attempting to settle this litigation. The Department of Employment & Social Services/Children's Services Program File may be disclosed only to:

(a) Dennis R. Ingols of the LAW OFFICE OF DENNIS R. INGOLS and associate attorneys in his office, as counsel for Plaintiffs ELEANA GALLES, Individually, and as Guardian Ad Litem for Minor, Plaintiff M.L.C, in the case enumerated above;

(b) Nicholas J. Leonard and Steven M. McKinley of LOW MCKINLEY BALERIA & SALENKO, LLP and attorneys in his office, as counsel for Defendants JAMES LOGAN and PARADISE MEDICAL GROUP, INC., in the case enumerated above;

(c) Stephen E. Horan and Stephanie P. Foote of PORTER SCOTT ATTORNEYS and associate attorneys in their office, and Bruce Alpert and Brad Stephens of BUTTE COUNTY COUNSEL and associate attorneys in their office, as counsel for Defendants COUNTY OF BUTTE, MELODY GILES, DEIRDRE NEDVED, and SARAH CORNETT, in the case enumerated above;

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

(d) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a)-(d) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(e) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(f) Any expert, consultant, or investigator retained in connection with this action;

(g) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

(h) Witnesses during their depositions in this action; and

(i) The parties in this action.

Attorneys who disclose such information to experts must instruct them not to disclose the information to anybody. If a person is deposed, confidential information may be used subject to the protective order. In such cases, the terms of the protective order will be put on the record and that part of the transcript shall remain confidential until otherwise allowed by court order.

When the litigation has been terminated, a Receiving Party must comply with the provisions of section 9 below (FINAL DISPOSITION). Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed information covered by this Protective Order to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

/ / /

/ / /

/ / /

## 8. FILING CONFIDENTIAL INFORMATION

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any information covered by this Order. A Party that seeks to file under seal any such information must comply with Local Rule 141.

## 9. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal, each Receiving Party must return all information covered by this Order to the Producing Party. This includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any information covered by this Order. With permission in writing from the Producing Party, the Receiving Party may destroy some or all of the information instead of returning it. Whether the information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty-day deadline that identifies the information that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the information covered by this Order. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product.

## 10. MISCELLANEOUS

10.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 <u>Right to Assert Other Objections</u>. This Protective Order does not limit any right the Parties have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, this Protective Order does not limit the Parties' right to object on any ground to use in evidence any of the material covered by this Protective Order.

/ / /

10.3 <u>Documents Deemed Confidential</u>. Plaintiff M.L.C.'s Department of Employment & Social Services, Children's Services Division Program File, released by the Butte County Juvenile Court on September 5, 2018.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: _____  LAW OFFICE OF DENNIS R. INGOLS


By _____
    Dennis R. Ingols
    Attorney for Plaintiffs
    ELEANA GALLES, Individually, and as Guardian Ad Litem for minor Plaintiff M.L.C.

Dated: _____  LOW MCKINLEY BALERIA & SALENKO, LLP

By _____
    Nicholas Leonard
    Attorney for Defendants
    JAMES LOGAN, PARADISE MEDICAL GROUP, INC.

Dated: _____  PORTER SCOTT ATTORNEYS
A PROFESSIONAL CORPORATION


By _____
    Stephen E. Horan
    Stephanie P. Foote
    Attorneys for Defendants
    COUNTY OF BUTTE,
    MELODY GILES, DEIRDRE NEDVED, SARA CORNETT

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

Dated: _____ BUTTE COUNTY COUNSEL

By _____
  Bruce Alpert
  Attorneys for Defendants
  COUNTY OF BUTTE,
  MELODY GILES, DEIRDRE NEDVED,
  SARA CORNETT

**IT IS SO ORDERED.**

**Dated: December 11, 2018**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE